UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL ANGELO BURNETT,

        Plaintiff,                Case No. 1:23-cv-896

v.                                          Honorable Sally J. Berens

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF Nos. 2 and 4.) Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either show cause or pay the fee within 28 days of this opinion and accompanying order. If Plaintiff fails either to show cause or pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Burnett v. Marschke et al.*, No. 2:09-cv-225 (W.D. Mich. Feb. 5, 2010); *Burnett v. Hofbauer et al.*, No. 2:09-cv-192 (W.D. Mich. Dec. 2, 2009); *Burnett v. Caruso, et al.,* No. 2:09-cv-180 (W.D. Mich. Oct. 8, 2009); *Burnett v. Hill, et al.,* No. 2:09-cv-39 (W.D. Mich. Mar. 6, 2009); *Burnett v. Caruso, et al.,* No. 2:08-cv-168 (W.D. Mich. Jan. 5, 2009).

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in dozens of cases. *See, e.g., Burnett v. Hofbauer et al.*, No. 2:09-cv-223 (W.D. Mich. Jan. 11, 2010); *Burnett v. McQuiggin et al.*, No. 2:09-cv-277 (W.D. Mich. May 11, 2010); *Burnett v. Caruso et al.*, No. 2:09-cv-263 (W.D. Mich. Nov. 12, 2010); *Burnett v. Caruso*, No. 2:10-cv-14 (W.D. Mich. Jun. 3, 2010); *Burnett v. Caruso*, No. 2:10-cv-20 (W.D. Mich. Nov. 12, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-32 (W.D. Mich May 26, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-39 (W.D. Mich. May 27, 2010); *Burnett v. McQuiggin*, No. 2:10-cv-53 (W.D. Mich. May 26, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-54 (W.D. Mich. Jun. 4, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-62 (W.D. Mich. Nov. 30, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-63 (W.D. Mich. Jun. 4, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-65 (W.D. Mich. May 27, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-69 (W.D. Mich. Nov. 19, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-79 (W.D. Mich. Nov. 17, 2010); *Burnett v. Kipela et al.*, No. 2:10-cv-105 (W.D. Mich. Dec. 30, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-112 (W.D. Mich. Aug. 19, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-113 (W.D. Mich. Aug. 26, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-115 (W.D. Mich. Aug. 20, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-119 (W.D. Mich. Aug. 31, 2010); *Burnett v. Corr. Med. Servs., Inc. et al.*, No. 2:10-cv-126 (W.D.


Mich. Sep. 1, 2010); *Burnett v. McQuiggin et al.*, No. 2:10-cv-127 (W.D. Mich. Sep. 1, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-128 (W.D. Mich. Nov. 18, 2010); *Burnett v. Caruso et al.*, No. 2:10-cv-129 (W.D. Mich. Sep. 7, 2010); *Burnett v. Macauley et al.*, No. 1:20-cv-1116 (W.D. Mich. Feb. 17, 2021); *Burnett v. Wiborn et al.*, No. 1:20-cv-1161 (W.D. Mich. Feb. 11, 2021); *Burnett v. Washington*, No. 1:20-cv-1173 (W.D. Mich. Mar. 26, 2021); *Burnett v. Spitzley*, No. 1:21-cv-390 (W.D. Mich. Aug. 30, 2021); *Burnett v. Lane et al.*, No. 1:21-cv-462 (W.D. Mich. Aug. 30, 2021); *Burnett v. Lane*, No. 1:21-cv-468 (W.D. Mich. Aug. 31, 2021); *Burnett v. Macauley et al.*, No. 1:21-cv-582 (W.D. Mich. Oct. 7, 2021); *Burnett v. Corrigan et al.*, No. 2:22-cv-129 (W.D. Mich. Sep. 7, 2022).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In the instant complaint, Plaintiff asserts that on May 22, 2022, he submitted a health care request stating that he suffered from GERD [gastroesophageal reflux disease] and a hiatal hernia and was choking on his vomit while sleeping. Plaintiff requested a medical foam wedge to raise the head of his bed 6-10 inches. (ECF No. 1, PageID.7.) Plaintiff was seen by a nurse on May 25, 2022, who prescribed an extra pillow and ordered a chart review. Defendant Buchanan subsequently conducted the chart review and denied Plaintiff's request for a foam wedge, but approved the use of an extra pillow. (*Id.*)

On July 24, 2022, Plaintiff again requested a foam wedge because the extra pillow did not help, and actually made Plaintiff's symptoms worse. (*Id.*) Plaintiff was examined by Defendant Blue, who stated that she would request a chart review by Defendant Ouellette because she had the authority to approve a foam wedge. (*Id.*) However, on August 1, 2022, Defendant Ouellette denied Plaintiff's request. (*Id.*) Instead, Defendant Ouellette increased the dosage of Protonix, which was Plaintiff's prescription for GERD. (*Id.* at PageID.8.)

Plaintiff continued to complain of choking on his own vomit at night and on November 25, 2022, Defendant Groff denied Plaintiff's request for a foam wedge without examining him. (*Id.*) On December 8, 2022, Plaintiff was seen by Defendant Blue, who refused to refer Plaintiff to a specialist. (*Id.* at PageID.9.) Defendant Blue falsely recorded that Plaintiff's GERD was under control. (*Id.*) Plaintiff submitted another health care request on March 8, 2023, and was

subsequently seen by a nurse who referred Plaintiff for another chart review. (*Id.* at PageID.10.) Defendant Ouellette reviewed Plaintiff's medical records and prescribed antacid tablets, despite Plaintiff's insistence that a foam wedge was the only way to prevent him from asphyxiating on his own vomit. (*Id.*)

Plaintiff also asserts that he has been denied a proper reflux diet since his request for one November 28, 2022. (*Id.*) Plaintiff states that Defendant Cecil falsely stated that Plaintiff did not have a hiatal hernia and thus did not need a reflux diet. (*Id.*) Plaintiff filed a grievance on Defendant Cecil and, in response, Defendant Cecil stated that a search of Plaintiff's records showed no evidence that Plaintiff had a hiatal hernia. (*Id.* at PageID.11.) Plaintiff filed a step II grievance appeal, and on February 1, 2023, Nurse Supervisor Patricia Lamb responded that review of Plaintiff's records showed that he had been diagnosed with both GERD and a hiatal hernia. (*Id.*) On March 24, 2023, Defendant Cecil issued a new meal detail which included a morning and afternoon snack, but she did not order a reflux diet free of meat and soy. (*Id.*) Plaintiff continues to suffer from symptoms of reflux. (*Id.*)

In this case, Plaintiff alleges that he has received continuous treatment for his medical condition but has not been given the treatment of his choice, which he asserts is the only effective treatment. The Court notes that differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr.

4, 1997). Therefore, not only does Plaintiff fail to allege facts showing that he is in imminent danger, but he also fails to allege facts which could state a claim under the Eighth Amendment.

Therefore, it appears that Section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* in this action even though he has accrued "three "strikes" under Section 1915(g). Plaintiff has 28 days from the date of entry of this opinion and accompanying order to show cause. Alternatively, Plaintiff may pay the civil action filing fees, which total $402.00, within that time. When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice.

Dated:  August 30, 2023                              /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI  49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

7